Per Curiam.

This is an action in prohibition originating in this court. The case is before the court on the demurrer to the amended petition of relator. A demurrer was sustained to the original petition.
In his amended petition, relator alleges that on July 24, 1963, he was arrested for operation of a motor vehicle while under the influence of alcohol, and that an affidavit was issued thereon on August 29, with summons citing relator to appear before the Municipal Court on September 3, 1963.
Relator alleges further than on August 31 he filed an affidavit of bias and prejudice against Judge Mahoney and thus did not appear at the scheduled hearing; that no action on such affidavit was taken under the provisions of Section 2937.20, Revised Code; that on September 3 the judge issued a bench warrant for him; and that he was arrested on September 13 and committed to jail until he furnished bond.
Relator alleges that Judge Mahoney on October 10 issued a journal entry nunc pro tunc to September 3, claiming voluntary disqualification.
On October 22, relator filed an affidavit of bias and prejudice against Judge Quillen, and no action of record has been taken on this affidavit.
Relator alleges that the failure to comply with the provisions of Section 2937.20, Revised Code, relating to affidavits of bias and prejudice in relation to Municipal Court judges has *198 constituted a violation of Section 2937.21, Revised Code, relating to continuances, and that relator, therefore, is entitled to be released.
Relator bases his right to relief on the provisions of Section 2937.21, Revised Code, which provides:
“No continuance at any stage of the proceeding, including that for determination of a motion, shall extend for more than ten days unless both the state and the accused consent thereto. Any continuance or delay in ruling contrary to the provisions of this section shall, unless procured by defendant or his counsel, be grounds for discharge of the defendant forthwith.”
So far, there has been no continuance here on the application of either party or by the court. As a result of relator’s having filed the affidavits of bias and prejudice, his case has not come on for trial. The delay herein has resulted from his own acts. Even if such delay had not been occasioned by the relator himself, he has taken no affirmative action in the Municipal Court to obtain his discharge.
The fact that no proceedings have been taken on relator’s affidavits does not affect this issue. Judge Mahoney disqualified himself, hence there was no need to act on the affidavit pertaining to him. There is nothing to show that Judge Quillen is acting or intending to act until the affidavit filed against him is acted upon.
The delay in the present instance having resulted from relator’s own act forecloses him from seeking discharge under the provisions of Section 2937.21, Revised Code. Furthermore, such argument is one which should be advanced in the trial court rather than here by way of prohibition. The trial court has jurisdiction over both the subject matter and the person of relator, thus, prohibition does not lie.
The demurrer is sustained, and, it not appearing that the amended petition can be amended to state a cause of action, the writ is denied.

Demurrer sustained and writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.